United States District Court
Northern District of New York

_____

Kevin Murphy,

                Plaintiff,

      V

Onondaga County et al.,

                Defendants.

_____

Civil Action No. 5:18-cv-01218 (GLS-ATB)

Answer to Complaint

Demand for Jury Trial

      Onondaga County, Eugene Conway, Joseph Ciciarelli, Michael Dickinson, Jammie Blumer, Jonathan Anderson, Joseph Peluso, Roy Gratien, Jason Cassalia, and Carl Hummel (defendants), as defendants' answer to the 10 October 2018 complaint of Kevin Murphy (plaintiff), state:

      1. Defendants deny the allegations of the first unnumbered paragraph in the "<u>NATURE OF THE ACTION</u>" section of the complaint that defendants wrongly intervened and that plaintiff's work has at all times been exemplary. Defendants admit all other allegations of the first unnumbered paragraph in the "<u>NATURE OF THE ACTION</u>" section of the complaint.

      2. Defendants deny the allegations of the second, third, fourth, fifth, and sixth unnumbered paragraphs in the "<u>NATURE OF THE ACTION</u>" action section of the complaint.

      3. Defendants admit the allegations of paragraphs numbered 1, 2, 3, and 4 of the complaint.

      4. Defendants deny the allegations of paragraph numbered 5 of the complaint that Onondaga County Sheriff's Department (Department) was formed pursuant to County Law article 17 and that Department is a subsidiary organization.

5. Defendants admit the allegations of paragraphs numbered 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the complaint.

6. Defendants deny the allegations of paragraphs numbered 18 and 19 of the complaint.

7. Defendants admit the allegations of paragraphs numbered 20 and 21 of the complaint.

8. Defendants admit the allegations of paragraph numbered 22 of the complaint that plaintiff was an instructor at the police academy. Defendants lack knowledge or information sufficient to form a belief about all other allegations of paragraph numbered 22 of the complaint.

9. Defendants deny the allegations of paragraph numbered 23 of the complaint that there were illegal arrests or inadequate police work, improper training, poor supervision, racially motivated behavior, and improper, unprofessional, and illegal conduct by Department's deputies. Defendants lack knowledge or information sufficient to form a belief about all other allegations of paragraph numbered 23 of the complaint.

10. Defendants admit the allegations of paragraph numbered 24 of the complaint.

11. Defendants deny the allegations of paragraphs numbered 25, 26, 27, and 28 of the complaint.

12. Defendants admit the allegations of paragraph numbered 29 of the complaint.

13. Defendants deny the allegations of paragraph numbered 30 of the complaint that plaintiff was dispatched. Defendants admit all other allegations of paragraph numbered 30 of the complaint.

14. Defendants deny the allegations of paragraph numbered 31 of the complaint.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 32 of the complaint.

16. Defendants deny the allegations of paragraph numbered 33 of the complaint that there was a refusal to take the victim's statement and investigate the victim's complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 33 of the complaint.

17. Defendants admit the allegations of paragraph numbered 34 of the complaint that the victim is an African American female. Defendants deny the allegations of paragraph numbered 34 of the complaint that there was a lack of attention due to the victim's ethnic background and sex. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 34 of the complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 35 and 36 of the complaint.

19. Defendants deny the allegations of paragraph numbered 37 of the complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 38 and 39 of the complaint.

21. Defendants deny the allegations of paragraphs numbered 40, 41, 42, 43, 44, and 45 of the complaint.

22. Defendants deny the allegations of paragraph numbered 46 of the complaint that an inappropriate and loud confrontation was initiated by Peluso. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 46 of the complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 47, 48, 49, 50, 51, 52, and 53 of the complaint.

24. Defendants admit the allegations of paragraph numbered 54 of the complaint that Guillaume was not disciplined. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 54 of the complaint.

25. Defendants admit the allegations of paragraph numbered 55 of the complaint.

26. Defendants admit the allegations of paragraph numbered 56 of the complaint of that Gratien was not reprimanded or counseled. Defendants deny the allegations of paragraph numbered 56 of the complaint that Gratien failed to follow any directive or prematurely rejected any allegation that a violation of any directive had occurred. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 56 of the complaint.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 of the complaint.

28. Defendants deny the allegations of paragraphs numbered 71, 72, 73, and 74 of the complaint.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 75, 76, 77, 78, 79, 80, 81, 82, and 83 of the complaint.

30. Defendants admit the allegations of paragraph numbered 84 of the complaint that plaintiff had a meeting with Ciciarelli. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 84 of the complaint.

31. Defendants admit the allegations of paragraph numbered 85 of the complaint that plaintiff informed Ciciarelli of the Timber Tavern incident. Defendants deny the allegations of paragraph numbered 85 of the complaint that the Timber Tavern incident involved racial and

sexual discrimination. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 85 of the complaint.

32. Defendants admit the allegations of paragraph numbered 86 of the complaint that plaintiff told Ciciarelli that blood was illegally seized and in possession of Department. Defendants deny the allegations of paragraph numbered 86 of the complaint that blood was illegally seized and in possession of Department. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 86 of the complaint.

33. Defendants deny the allegations of paragraph numbered 87 of the complaint.

34. Defendants admit the allegations of paragraph numbered 88 of the complaint that plaintiff told Ciciarelli that Gratien had personal knowledge of an illegal search and seizure of blood. Defendants deny the allegations of paragraph numbered 88 of the complaint that Gratien had personal knowledge of an illegal search and seizure of blood and that there was an illegal search and seizure of blood. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 88 of the complaint.

35. Defendants deny the allegations of paragraph numbered 89 of the complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 90 of the complaint.

37. Defendants deny the allegations of paragraphs numbered 91 and 92 of the complaint that there were illegal and improper arrests. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 91 and 92 of the complaint.

38. Defendants deny the allegations of paragraphs numbered 93, 94, and 95 of the complaint.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 96 of the complaint.

40. Defendants admit the allegations of paragraph numbered 97 of the complaint.

41. Defendants deny the allegations of paragraph 98 of the complaint that there was poor and illegal performance, that there were illegal arrests, and that there was improper or lacking paperwork. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 98 of the complaint.

42. Defendants admit the allegations of paragraph numbered 99 of the complaint that plaintiff told Dickinson that plaintiff had avoided contact with Peluso. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 99 of the complaint.

43. Defendants deny the allegations of paragraph numbered 100 of the complaint that Dickinson ordered plaintiff to no longer do police work and no longer prepare year-end statistics. Defendants admit the allegations of paragraph numbered 100 of the complaint that Dickinson ordered plaintiff to no longer apply for search warrants. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 100 of the complaint.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 101 and 102 of the complaint.

45. Defendants deny the allegations of paragraphs numbered 103 and 104 of the complaint.

46. Defendants admit the allegations of paragraphs numbered 105 of the complaint.

47. Defendants admit the allegations of paragraph numbered 106 of the complaint that plaintiff notified Hummel. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 106 of the complaint.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 107 and 108 of the complaint.

49. Defendants admit the allegations of paragraph numbered 109 of the complaint that plaintiff was ordered to remove his personal file cabinet. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 109 of the complaint.

50. Defendants deny the allegations of paragraphs numbered 110 and 111 of the complaint.

51. Defendants admit the allegations of paragraphs numbered 112 and 113 of the complaint that Ciciarelli initiated a conversation with Caruso and that Peluso demanded that plaintiff speak to Peluso. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 112 and 113 of the complaint that the conversation was initiated in September 2016 and that the date of Peluso's demanding that plaintiff speak to Peluso was or about 29 September 2016. Defendants deny all other allegations of paragraphs numbered 112 and 113 of the complaint.

52. Defendants deny the allegations of paragraphs numbered 114 and 115 of the complaint.

53. Defendants admit the allegations of paragraph numbered 116 of the complaint that Peluso complained of plaintiff's silent insolence. Defendants lack knowledge or information

sufficient to form a belief about the truth of all other allegations of paragraph numbered 116 of the complaint.

54. Defendants admit the allegations of paragraph numbered 117 of the complaint.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 118 and 119 of the complaint.

56. Defendants admit the allegations of paragraphs numbered 120 and 121 of the complaint.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 122 of the complaint.

58. Defendants deny the allegations of paragraphs numbered 123 and 124 of the complaint.

59. Defendants deny the allegations of paragraph numbered 125 of the complaint that Peluso was given a written reprimand. Defendants admit all other allegations of paragraph numbered 125 of the complaint.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 126 of the complaint.

61. Defendants deny the allegations of paragraph numbered 127 of the complaint that plaintiff is the victim of retaliation. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 127 of the complaint.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 128 and 129 of the complaint.

63. Defendants deny the allegations of paragraph numbered 130 of the complaint that there was an order of no police work. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 130 of the complaint.

64. Defendants deny the allegations of paragraph numbered 131 of the complaint.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 132 of the complaint.

66. Defendants admit the allegations of paragraph numbered 133 of the complaint.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 134 of the complaint.

68. Defendants admit the allegations of paragraph numbered 135 of the complaint.

69. Defendants admit the allegations of paragraphs numbered 136, 137, and 138 of the complaint that Dickinson did not return or approve plaintiff's 2016 performance evaluation, that plaintiff was requested to give a lecture, and that plaintiff is not allowed to procure search warrants. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 136, 137, and 138 of the complaint.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 139, 140, 141, 142, 143, 144, 145, 146, 147, and 148 of the complaint.

71. Defendants deny the allegations of paragraph numbered 149 of the complaint that coercive and unlawful actions were taken against plaintiff by Onondaga County. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 149 of the complaint.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 150 and 151 of the complaint.

73. Defendants deny the allegations of paragraph numbered 152 of the complaint that CI1 had sexual relations with Dickinson while CI1 was under age. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 152 of the complaint.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 153 of the complaint.

75. Defendants deny the allegations of paragraph numbered 154, 155, and 156 of the complaint that CI1 was or is registered with Department as a confidential informant, that the sexual relationship lasted for several years, and that CI1 resided with Dickinson or met Dickinson's son. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 154, 155, and 156 of the complaint.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 157 of the complaint.

77. Defendants deny the allegations of paragraph numbered 158 of the complaint that Dickinson stalked CI1, showed up at CI1's residences, and requested to reestablish their sexual relationship. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 158 of the complaint.

78. Defendants deny the allegations of paragraphs numbered 159, 160, 161, and 162 of the complaint.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 163 and 164 of the complaint.

80. Defendants deny the allegations of paragraph numbered 165 and 166 of the complaint that Anderson wanted to file a silent insolence charge against plaintiff, that Anderson filed unsubstantiated internal affairs charges against plaintiff, that Anderson received a public censure and rebuke, and that Anderson's investigations were unethical and improper. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 165 and 166 of the complaint.

81. Defendants admit the allegations of paragraph numbered 167 of the complaint.

82. Defendants deny the allegations of paragraph numbered 168 of the complaint.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 169, 170, 171, 172, 173, and 174 of the complaint.

84. Defendants deny the allegations of paragraph numbered 175 of the complaint that plaintiff is forbidden to do police work and that plaintiff is not allowed to act in the capacity of a police officer. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 175 of the complaint.

85. Defendants admit the allegations of paragraph numbered 176 of the complaint that plaintiff is transferred to the North Station. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 176 of the complaint.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 177 of the complaint.

87. Defendants deny the allegations of paragraph numbered 178 of the complaint.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 179, 180, 181, 182, and 183 of the complaint.

89. Defendants deny the allegations of paragraph numbered 184 of the complaint that Dickinson ordered plaintiff to a desk job. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 184 of the complaint.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 185 and 186 of the complaint.

91. Defendants deny the allegations of paragraph numbered 187 of the complaint.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 188 of the complaint.

93. Defendants admit the allegations of paragraph numbered 189 of the complaint.

94. Defendants deny the allegations of paragraph numbered 190 of the complaint.

95. Defendants admit the allegations of paragraphs numbered 191 and 192 of the complaint.

96. Defendants deny the allegations of paragraphs numbered 193 and 194 of the complaint.

97. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 196, 197, and 198 of the complaint.

98. Defendants deny the allegations of paragraphs numbered 199, 200, 201, 202, 203, 204, 205, and 206 of the complaint that there was inadequate training, inadequate supervision, compromised leadership, improper arrests, wrongful conduct, inadequate discipline, failure to investigate and make necessary reports, racially motivated conduct, sexual acts with minors, sexual acts with confidential informants, improper conduct, improper search and seizure of blood, and illegal and unconstitutional use of a holding cell. Defendants lack knowledge or

information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 199, 200, 201, 202, 203, 204, 205, and 206 of the complaint.

99. Defendants deny the allegations of paragraphs numbered 207, 208, 209, 210, 211, 212, 213, and 214 of the complaint.

100. Defendants admit the allegations of paragraph numbered 215 of the complaint that defendants acted under color of law. Defendants deny all other allegations of paragraph numbered 215 of the complaint.

101. Defendants deny the allegations of paragraphs numbered 216, 217, 218, 219, 221, 222, and 223 of the complaint.

102. Defendants admit the allegations of paragraph numbered 224 of the complaint that defendants acted under color of law. Defendants deny all other allegations of paragraph numbered 224 of the complaint.

103. Defendants deny the allegations of paragraph numbered 225 of the complaint.

104. Defendants deny the allegations of paragraph numbered 226 of the complaint that there was illegal treatment of plaintiff and that Conway was deliberately indifferent to illegal acts. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 226 of the complaint.

105. Defendants deny the allegations of paragraphs numbered 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 243, 244, and 245 of the complaint.

106. Defendants admit the allegations of paragraph numbered 246 of the complaint that defendants acted under color of law. Defendants deny all other allegations of paragraph numbered 246 of the complaint.

107. Defendants deny the allegations of paragraphs numbered 247, 248, 249, 250, 251, and 252 of the complaint.

108. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 254 of the complaint.

109. Defendants deny the allegations of paragraphs numbered 255, 256, 257, and 258 of the complaint that there were shortcomings in training, supervision, policy, and conduct, that training programs and methods of supervision were inadequate, that there were false arrests, that arrests were made without probable cause, that there was illegal search and seizure, that there was falsified and improper record keeping, that there was racially motivated conduct, lack of training, lack of supervision, lack of required counseling or retraining, that there were shortcomings, that there was inadequate training, inadequate supervision, or compromised leadership, that there were improper arrests, and that there was wrongful conduct. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 255, 256, 257, and 258 of the complaint.

110. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 259 of the complaint.

111. Defendants deny the allegations of paragraphs numbered 260, 261, 262, 263, 264, 265, and 266 of the complaint that there was inadequate training, supervision, and discipline, that there was failure to investigate and make necessary reports, that there was racially motivated conduct, that there was improper conduct, that there were sexual acts with minors or confidential informants, that there was improper search and seizure, that there was illegal and unconstitutional use of a holding cell, that there was unprofessional behavior, that innocent people were arrested and detained, that illegal and wrongful conduct was not investigated, that

illegal and wrongful conduct was ignored, and that the level of training and supervision continued to deteriorate. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 260, 261, 262, 263, 264, 265, and 266 of the complaint.

112. Defendants deny the allegations of paragraphs numbered 267, 268, 269, 270, 271, and 272 of the complaint.

113. Defendants deny the allegations of paragraphs numbered 274, 275, 276, and 277 of the complaint that there were illegal and wrongful acts, that there was inadequate and improper training, that there was misconduct, and that there were unconstitutional and improper arrests. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraphs numbered 274, 275, 276, and 277 of the complaint.

114. Defendants deny the allegations of paragraphs numbered 278, 279, 280, 281, 282, 283, 284, 285, and 286 of the complaint.

115. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 287 and 289 of the complaint.

116. Defendants deny the allegations of paragraphs numbered 290 and 291 of the complaint.

117. Defendants admit the allegations of paragraph numbered 292 of the complaint that defendants acted under color of law. Defendants deny all other allegations of paragraph numbered 292 of the complaint.

118. Defendants deny the allegations of paragraphs numbered 293, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 328, 329, and 330 of the complaint.

119. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 331 of the complaint.

120. Defendants deny the allegations of paragraph numbered 332 of the complaint.

121. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph numbered 333 of the complaint.

122. Defendants deny the allegations of paragraphs numbered 335, 336, and 337 of the complaint.

123. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 338 and 339 of the complaint.

124. Defendants deny the allegations of paragraph numbered 340 of the complaint.

## First Defense

125. Department has not a legal identity different from Onondaga County.

126. Department has not legal capacity to be sued.

127. Plaintiff's claims against Department may not be prosecuted or maintained.

## Second Defense

128. Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities have not legal identities different from Onondaga County.

129. Plaintiff's claims against Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities are duplicative of plaintiff's claims against Onondaga County.

130. Such claims against Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities may not be prosecuted or maintained.

Third Defense

131. Any act or omission of defendants was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

132. Defendants have immunity from plaintiff's claims arising out of defendants' reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

133. Such claims may not be prosecuted or maintained.

Fourth Defense

134. Notice of plaintiff's claims of personal injury, wrongful death, or damage to real or personal property by reason of the negligence or wrongful act of defendants has not been made and served on Onondaga County within 90 days after such claims arose in compliance with General Municipal Law § 50-e.

135. Such claims against Onondaga County or Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities may not be prosecuted or maintained because a condition precedent to prosecution or maintenance has not been satisfied.

Fifth Defense

136. Notice of plaintiff's claims of damage, injury, death, invasion of personal or property rights, casual or continuing trespass, nuisance, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants has not been made and served on Onondaga County within 90 days after such claims arose in compliance with County Law § 52.

137. Such claims against Onondaga County or Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities may not be prosecuted or maintained because a condition precedent to prosecution or maintenance has not been satisfied.

Sixth Defense

138.  It does not appear by and as an allegation of the complaint that at least 30 days have elapsed since the service on Onondaga County of a notice of plaintiff's claims of personal injury, wrongful death or damage to real or personal property by reason of the negligence or wrongful act of defendants, and that adjustment or payment thereof has been neglected or refused.

139.  Such claims against Onondaga County or Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities may not be prosecuted or maintained because a condition precedent to prosecution or maintenance has not been satisfied.

Seventh Defense

140.  It does not appear by and as an allegation of the complaint that at least 30 days have elapsed since the service on Onondaga County of a notice of plaintiff's claims of damage, injury, death, invasion of personal or property rights, casual or continuing trespass, nuisance, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants, and that adjustment or payment thereof has been neglected or refused.

141. Such claims may not be prosecuted or maintained against Onondaga County or Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in

their official capacities because a condition precedent to prosecution or maintenance has not been satisfied.

## Eighth Defense

142. The particular defamatory words complained of are not set forth in the complaint.

143. The complaint fails to state a claim for libel or slander.

## Ninth Defense

144. The circumstances constituting fraud, misrepresentation, or willful default are not stated in detail by the complaint.

145. The complaint fails to state a claim for fraud, misrepresentation, or willful default.

## Tenth Defense

146. Plaintiff's claims of defendants' fraud, misrepresentation, willful default, libel, slander, conspiracy, intentional infliction of emotional distress and retaliation and plaintiff's claims of liability incurred by Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien and Cassalia for their acts in an official capacity or their omissions of an official duty accrued more than one year before 11 October 2018.

147. Such claims were interposed, 11 October 2018, when the complaint was filed.

148. Such claims were untimely interposed and may not be prosecuted or maintained because of statute of limitations.

## Eleventh Defense

149. Punitive damages may not be assessed against Onondaga County or Conway, Ciciarelli, Dickinson, Blumer, Anderson, Peluso, Gratien, Cassalia, and Hummel in their official capacities

Demand for Relief

150. Defendants demand a judgment dismissing the complaint.

151. Defendants demand costs, including a reasonable attorney's fee.

Dated: 21 December 2018                     s/ John E. Heisler Jr.
                                            Bar Number: 301476
                                            Attorney for Defendants
                                            County of Onondaga Department of Law
                                            John H. Mulroy Civic Center, 10th Floor
                                            421 Montgomery Street
                                            Syracuse, NY 13202
                                            Telephone: (315) 435-2170
                                            Fax: (315) 435-5729
                                            Email: johnheislerjr@ongov.net