UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN MURPHY,

                  Plaintiff,         Case No.: 18-cv-1218

    -vs-

ONONDAGA COUNTY, THE ONONDAGA COUNTY
SHERIFF'S DEPARTMENT, EUGENE CONWAY both Individually
and in his capacity as Sheriff of Onondaga County, JOSEPH
CICIARELLI both Individually and in his capacity as Chief Police
Deputy, MICHAEL DICKINSON, JAMMIE BLUMER,
JONATHAN ANDERSON, JOSEPH PELUSO, ROY
GRATIEN, JASON CASSALIA, and CARL HUMMEL, all
Individually and in their capacities as employees of Onondaga
County and the Onondaga County Sheriff's Department,"

                  Defendants.

STATE OF NEW YORK    )
COUNTY OF ONONDAGA )ss.:

       KEVIN MURPHY, being duly sworn, deposes and says:

1. I am the above-captioned Plaintiff in this action and fully familiar with the facts and

circumstances of this case.

2. That I make this Affidavit in Support of my motion to disqualify the Onondaga County

Attorney's office; and requesting early discovery on the disqualification issue and the tampering

with a witness issue.

3. On or about June 24, 2017, Deputy Amy Murphy, an Onondaga County Sheriff's Deputy and

wife of the Plaintiff herein, Kevin Murphy, while off-duty, was struck by an unruly security guard

1

and subjected to other criminal conduct while she was attending a concert with her family at the amphitheater located near the Onondaga Lake in Syracuse, New York.

4. Deputy Amy Murphy offered her solicited opinion to a security guard that he could not arrest someone for trespass for standing on mulch, nor arrest some of the men present at the concert for public indecency for being shirtless. The security guard then pushed Deputy Amy Murphy and asked if she was a cop. Deputy Murphy identified herself as a police officer and was then pushed a second time.

5. Instead of taking law enforcement action, Deputy Amy Murphy contacted the uniformed police supervisor at the amphitheater venue to notify them of the incident. Plaintiff Kevin Murphy was working at the venue in the capacity of venue supervisor. Plaintiff initiated an investigation of the incident and several other security guards admitted that there was physical contact initiated by the offending security guard towards off-duty Deputy Amy Murphy.

6. Plaintiff's investigation was obstructed by the owner of the security company who physically pulled the security guard away from Plaintiff as he was investigating the incident which is his obligation and duty as an Onondaga County Sheriff. Plaintiff terminated his investigation and discussion with the owner of the security guard company as he was called to a "rape in progress", deciding it was more prudent to address the security guard issue with Captain Michael Pellizzari at a later time.

7. Plaintiff reported the incident to Captain Michael Pellizzari and was then subsequently relieved of his duties at the amphitheater based upon complaints made by the security company owner, Brian K. Edwards, who stated that if Plaintiff worked the venue in the future, the security company would walk off the job in violation of their contract. Aside from Plaintiff's initial inquiry, no

2

investigation was ever undertaken by Captain Michael Pellizzari or his amphitheater police staff. No report or arrest at that point was ever made.

8. In August 2017, Plaintiff received an unsolicited contact from another confidential informant (hereafter known as "CI")  informing him that she had sexual relations with Defendant Dickinson while she was under the age of 17 years old. Plaintiff knows this confidential informant as Plaintiff gave guidance to her for over a decade in leaving the gang lifestyle and how to pursue a normal, productive life.

9. The CI has previously been utilized by the Onondaga County Sheriff's criminal investigation division detectives, and, upon information and belief, has formally been identified and documented in state and federal court filings as a previously reliable confidential informant. Plaintiff was further informed by the CI that the sexual relationship lasted for several years.

10. Plaintiff was further informed that the CI resided with Defendant Dickinson for period of time. She had met his son and that the relationship was conducted openly and in public. Plaintiff was further informed that the CI no longer desired to have the sexual relationship with Defendant Dickinson. Plaintiff was again informed that Defendant Dickinson was stalking CI and showed up at her various residences when she moved from time to time requesting to reestablish their sexual relationship.

11. As for the first instance that occurred against my wife at the amphitheater in June of 2017, the security company that was working the amphitheater is known as, upon information and believe, Westcott Events, LLC D/B/A Westcott Event Security Company. A copy of the NYS Department of State entity information is attached as **Exhibit "A."**

3

12. The Onondaga County attorney that has been appointed to handle matters at the On-Center and at the Onondaga County amphitheater is Steve Cambareri, Esq., who works part-time for the Onondaga County Attorney's office (See **Exhibit "B"**) and also has a private practice where he is the managing partner at Cambareri & Cambareri, LLP located at 217 Montgomery Street, Suite 100, Syracuse, NY 13202.

13. Cambareri is/was on the Board of Directors at the OnCenter and through that assignment is involved in the Amphitheater. The Board of Directors (BOD) would set the standards for the contract(s) at the AMP; Cambareri then may have been able to review the contract bid proposals as part of his role at the County Attorney's Office based on criteria he himself may have established as a member of the BOD, and ensure that Westcott Events get awarded the security contract, from which Cambareri benefits from as either the lawyer to or the business partner of Westcott Events.

14. My disqualification motion is based upon Mr. Cambareri's relationship with the Wescott Security Company as well as Creative Concerts, Inc., D/B/A Upstate Shows which upon information and belief, Mr. Cambareri is or was associated via a business relationship legally through his law firm or a business owner together with Dan Masternardi who owns the Wescott Theater and also Chuck Chao who is a promoter of events in the local area. A copy of the NYS Department of State entity information for Creative Concerts, Inc., is attached as **Exhibit "C."**

15. Through my investigation, both of these men along with Mr. Cambareri were associated with each other via the business Creative Concerts, Inc. and Upstate Shows. It should also be noted that Dan Masternardi's wife is or was the legal secretary at Mr. Cambareri's Law office. It is further Plaintiff's contention that Mr. Cambareri has represented the aforementioned individuals in the past and currently in his private practice as well as has represented the CI.

4

16. I have attached proof to this affidavit which are text messages and an email that were in November 2018 where the CI indicated that her attorney is Steve Cambareri and that she has spoken to him on this very lawsuit. (See **Exhibit "D"**). It is Plaintiff claim that Mr. Cambareri's conduct constitutes the criminal offense of tampering with a witness as a agent of the Defendant Onondaga County in persuading the CI to recant what she previously told Plaintiff that Defendant Dickinson was having sexual relations with her when she was under the age of 17 years old.

17. It is also Plaintiff's allegation that it was Mr. Cambareri that pulled him off the amphitheater detail in June of 2017 because Brian K. Edwards and Westcott Events, LLC D/B/A Westcott Event Security Company are close business associates and clients of Mr. Cambareri; and his law firm. 18. This action by Mr. Cambareri to involve himself with the Westcott Events, LLC D/B/A Westcott Event Security Company as well as Creative Concerts, Inc. are reasons enough to have this Court disqualify the Onondaga County Attorney's Office from representing any of the Defendants in this action. Plaintiff contends that a government official who he believed to be Mr. Cambareri agreed with Brian K. Edwards the owner of the Westcott Events, LLC D/B/A Westcott Event Security Company to prevent Plaintiff from working at the amphitheater which their very conduct entered in a conspiracy to commit coercion in the 1st Degree under the New York State Penal Law.

19. Further Mr. Cambareri and the Onondaga County Attorney's office have conspired to allow convicted criminals to be hired as security personnel at a public amphitheater in Onondaga County. A copy of Plaintiff's Deputy Sheriff Affidavit is attached as **Exhibit "E."**

20. Further and more concerning is that Mr. Cambareri has tampered with a witness as evidenced by the email and text messages from the CI.

5

21. Plaintiff requests that his motion be granted in its entirety; and should the Court not be able to make a decision on the papers then a hearing is requested by the Plaintiff to determine the issues brought forth relative to representation of the Defendants by the Onondaga County Attorney's office.

Dated: January 10, 2019

_____
KEVIN MURPHY

Sworn to before me this $11^R$ day of January, 2019

_____
NOTARY PUBLIC

Jarrod W. Smith
Notary Public, State of New York
No. 02SM6107440
Qualified in Onondaga County
Commission Expires 3-29-2020

6