UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

============================================================

KEVIN MURPHY,

Plaintiff,              Case No.: 18-cv-1218

-vs-

ONONDAGA COUNTY, THE ONONDAGA COUNTY
SHERIFF'S DEPARTMENT, EUGENE CONWAY both Individually
and in his capacity as Sheriff of Onondaga County, JOSEPH
CICIARELLI both Individually and in his capacity as Chief Police
Deputy, MICHAEL DICKINSON, JAMMIE BLUMER,
JONATHAN ANDERSON, JOSEPH PELUSO, ROY
GRATIEN, JASON CASSALIA, and CARL HUMMEL, all
Individually and in their capacities as employees of Onondaga
County and the Onondaga County Sheriff's Department,"

Defendants.

============================================================

**MEMORANDUM OF LAW
IN SUPPORT OF PERMITTING EARLY DISCOVERY,
ON THE DISQUALIFICATION OF THE ONONDAGA COUNTY
ATTORNEY'S OFFICE; AND PERMITTING EARLY DISCOVERY ON
THE ONONDAGA COUNTY ATTORNEY'S OFFICE TAMPERING WITH
A WITNESS**

============================================================

Dated: January 11, 2018

Respectfully Submitted by:

JARROD W. SMITH, ESQ., P.L.L.C.
Bar Roll #512289
JEFFREY R. PARRY, ESQ.
Bar Roll #508023
Attorneys for Plaintiff, Kevin Murphy
11 South Main Street
P.O. Box 173
Jordan, New York 13080
Tel. No.: (315) 277-5370
Email: jarrodwsmithesqpllc@gmail.com

1

2

## TABLE OF CONTENTS

Page

Table of Authorities.................................................................................................................3

Preliminary Statement ...........................................................................................................5

Statement of Facts................................................................................................................. 5

Arguments

POINT I
THE ONONDAGA COUNTY ATTORNEY'S OFFICE SHOULD BE DISQUALIFIED
FROM REPRESENTING THE DEFENDANTS HEREIN…………………….…………..8

POINT II
THE COURT SHOULD ALLOW EXPEDITED DISCOVERY RELATIVE
TO THE DISQUALIFICATION OF THE ONONDAGA COUNTY ATTORNEY'S
OFFICE……………………………………………………………………………………..10

POINT III
PLAINTIFF REQUESTS THIS COURT TO ORDER EARLY DISCOVERY
PURSUANT TO FED. R. CIV. P. 26(d) RELATIVE TO DEFENDANTS' TAMPERING
WITH WITNESSES………………………………………………………………………11

CONCLUSION………………………………………………………………………………14

**TABLE OF AUTHORITIES**

*Fed. Case Law:*

pg.

1) Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2nd Cir. 1978)                    8

2) Carollo v. United Capital Corp., 2018 U.S. Dist. LEXIS 51594* (N.D.N.Y. 2018)           9

3) Glueck v. Jonathan Logan, Inc., 653 F 2d 746, 748 (2nd Cir. 1981)                       9

4) United States v. Prevezon Holdings Ltd., 839 F. 3d 227, 241 (2nd Cir. 2016).           9

5) Stern v. Cosby, 246 F.R.D. 453*; 2007 U.S. Dist. LEXIS 96421* (S.D.N.Y. 2007).        10

6) Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 – 327 (S.D.N.Y. 2005)                   10

7) Riley v. City of New York, 2015 U.S. Dist. LEXIS 16025* 21 (E.D.N.Y. 2015)             11

8) United States v. LaFontaine, 210 F. 3d 125, 133 (2nd Cir. 2000)                       12

4

*Federal and State Statues:*

|  | *Pg.* |
|---|---|
| 1) Fed. R. Civ. P. 26 (d) (2019) | 10 |
| 2) Fed. R. Civ P. 26 (f) (2019) | 10 |
| 3) 18 U.S.C. §1512 (b)(1) (2019) | 11 |

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support Plaintiff's motions pursuant to Federal Rules of Civil Procedure (hereinafter knowns as "Fed. R. Civ. P.") requesting disqualification of the Onondaga County Attorney's Office and a request for expedited discovery as to the witness tampering and disqualification motion.

Plaintiff's motions should be granted based upon the affidavits and documentary evidence provided to the Court as well as the current state of the law in the Northern District of New York.

## STATEMENT OF FACTS

On or about June 24, 2017, Deputy Amy Murphy, an Onondaga County Sheriff's Deputy and wife of the Plaintiff herein, Kevin Murphy, while off-duty, was struck by an unruly security guard and subjected to other criminal conduct while she was attending a concert with her family at the amphitheater located near the Onondaga Lake in Syracuse, New York.

Deputy Amy Murphy offered her solicited opinion to a security guard that he could not arrest someone for trespass for standing on mulch, nor arrest some of the men present at the concert for public indecency for being shirtless. The security guard then pushed Deputy Amy Murphy and asked if she was a cop. Deputy Murphy identified herself as a police officer and was then pushed a second time.

Instead of taking law enforcement action, Deputy Amy Murphy contacted the uniformed police supervisor at the amphitheater venue to notify them of the incident. Plaintiff Kevin Murphy was working at the venue in the capacity of venue supervisor. Plaintiff initiated an investigation of the incident and several other security guards admitted that there was physical contact initiated by the offending security guard towards off-duty Deputy Amy Murphy. Plaintiff's investigation was obstructed by the owner of the security company who physically pulled the security guard away from Plaintiff as he was investigating the incident which is his obligation and duty as an Onondaga

5

County Sheriff. Plaintiff terminated his investigation and discussion with the owner of the security guard company as he was called to a "rape in progress", deciding it was more prudent to address the security guard issue with Captain Michael Pellizzari at a later time.

Plaintiff reported the incident to Captain Michael Pellizzari and was then subsequently relieved of his duties at the amphitheater based upon complaints made by the security company owner, Brian K. Edwards, who stated that if Plaintiff worked the venue in the future, the security company would walk off the job in violation of their contract. Aside from Plaintiff's initial inquiry, no investigation was ever undertaken by Captain Michael Pellizzari or his amphitheater police staff. No report or arrest at that point was ever made.

In August 2017, Plaintiff received an unsolicited contact from a female confidential informant (hereafter known as "CI") informing him that she had sexual relations with Defendant Dickinson while she was under the age of 17 years old. Plaintiff knows this confidential informant as Plaintiff gave guidance to her for over a decade in leaving the gang lifestyle and how to pursue a normal, productive life. The CI has previously been utilized by the Onondaga County Sheriff's criminal investigation division detectives, and, upon information and belief, has formally been identified and documented in state and federal court filings as a previously reliable confidential informant. Plaintiff was further informed by the CI that the sexual relationship lasted for several years.

Plaintiff was further informed that the CI resided with Defendant Dickinson for period of time. She had met his son and that the relationship was conducted openly and in public. Plaintiff was further informed that the CI no longer desired to have the sexual relationship with Defendant Dickinson. Plaintiff was again informed that Defendant Dickinson was stalking CI and showed up at her various residences when she moved from time to time requesting to reestablish their sexual relationship.

6

As for the first instance that occurred against Plaintiff's wife at the amphitheater in June of 2017, the security company that was working the amphitheater is known as, upon information and believe, Westcott Events, LLC D/B/A Westcott Event Security Company. The Onondaga County attorney that has been appointed to handle matters at the On-Center and at the Onondaga County amphitheater is Steve Cambareri, Esq., who works part-time for the Onondaga County Attorney's office and also has a private practice where he is the managing partner at Cambareri & Cambareri, LLP located at 217 Montgomery Street, Suite 100, Syracuse, NY 13202.  Cambareri is/was on the Board of Directors at the OnCenter and through that assignment is involved in the Amphitheater. The Board of Directors (BOD) would set the standards for the contract(s) at the AMP; Cambareri then may have been able to review the contract bid proposals as part of his role at the County Attorney's Office based on criteria he himself may have established as a member of the BOD, and ensure that Westcott Events get awarded the security contract, from which Cambareri benefits from as either the lawyer to or the business partner of Westcott Events.

Plaintiff's disqualification motion is based upon Mr. Cambareri's relationship with the Wescott Security Company as well as Creative Concerts, Inc., D/B/A Upstate Shows which upon information and belief, Mr. Cambareri is or was associated via a business relationship legally through his law firm or a business owner together with Dan Masternardi who owns the Wescott Theater and also Chuck Chao who is a promoter of events in the local area. Both of these men along with Mr. Cambareri were associated with each other via the business Creative Concerts, Inc. and Upstate Shows.  It should also be noted that Dan Masternardi's wife is or was the legal secretary at Mr. Cambareri's Law office. It is further Plaintiff's contention that Mr. Cambareri has represented the aforementioned individuals in the past and currently in his private practice as well as has represented the CI.  In fact Plaintiff has attached proof to his affidavit which are text messages that were in November 2018 where the CI indicated that her attorney is Steve Cambareri and that she

7

has spoken to him on this very lawsuit. It is Plaintiff claim that Mr. Cambareri's conduct constitutes the criminal offense of tampering with a witness as an agent of the Defendant Onondaga County in persuading the CI to recant what she previously told Plaintiff that Defendant Dickinson was having sexual relations with her when she was under the age of 17 years old.

It is also Plaintiff's allegation that it was Mr. Cambareri that pulled him off the amphitheater detail in June of 2017 because Brian K. Edwards and Westcott Events, LLC D/B/A Westcott Event Security Company are close business and clients of Mr. Cambareri; and his law firm. This action by Mr. Cambareri to involve himself with the Westcott Events, LLC D/B/A Westcott Event Security Company as well as Creative Concerts, Inc. are reasons enough to to have this Court disqualify the Onondaga County Attorney's Office from representing any of the Defendants in this action. Plaintiff contends that a government official who he believed to be Mr. Cambareri agreed with Brian K. Edwards the owner of the Westcott Events, LLC D/B/A Westcott Event Security Company to prevent Plaintiff from working at the amphitheater which their very conduct entered in a conspiracy to commit coercion in the 1st Degree under the New York State Penal Law. Further Mr. Cambareri and the Onondaga County Attorney's office have conspired to allow criminals to be hired as security personnel at a public amphitheater in Onondaga County. Mr. Cambareri has tampered with a witness as evidenced by the email and text messages from the CI.

## ARGUMENT

### POINT I
THE ONONDAGA COUNTY ATTORNEY'S OFFICE SHOULD BE DISQUALIFIED FROM REPRESENTING THE DEFENDANTS HEREIN.

The Second Circuit imposes a "high standard of proof" on disqualification motions because disqualification impinges on a "clients right freely to choose his counsel." Gov't of India v. Cook

8

Indus., Inc., 569 F.2d 737, 739 (2nd Cir. 1978); see also Carollo v. United Capital Corp., 2018 U.S. Dist. LEXIS 51594* (N.D.N.Y. 2018). It has been determined by the courts in the federal system that disqualification is only appropriate were permitting the representation to continue would pose a "significant risk of trial taint." Glueck v. Jonathan Logan, Inc., 653 F 2d 746, 748 (2nd Cir. 1981).

As this Court may be already aware, the federal courts have the sound discretion to disqualify attorneys for ethical violations which drives "from their inherent power to preserve the integrity of the adversarial process." United States v. Prevezon Holdings Ltd., 839 F. 3d 227, 241 (2nd Cir. 2016).

Here in the instant case, we do not just have one attorney but an entire county attorney's office that the Plaintiff is requesting to be disqualified. The facts that support the disqualifying of the Onondaga County Attorney's office stem from the business relationships of Steve Cambareri, Esq., a private practice attorney and part-time Onondaga County Attorney was over-sees the On-Center and amphitheater facility near Onondaga Lake.

Coupled with the aforementioned with Mr. Cambareri's relationship with the Wescott Security Company as well as Creative Concerts, Inc., D/B/A Upstate Shows which upon information and belief, Mr. Cambareri is or was associated via a business relationship legally through his law firm or a business owner together with Dan Masternardi who owns the Wescott Theater and also Chuck Chao who is a promoter of events in the local area. Both of these men along with Mr. Cambareri were associated with each other via the business Creative Concerts, Inc. and Upstate Shows. It should also be noted that Dan Masternardi's wife is or was the legal secretary at Mr. Cambareri's Law office. It is further Plaintiff's contention that Mr. Cambareri has represented the aforementioned individuals in the past and currently in his private practice as well as has represented the CI.

9

Further, Cambareri is/was on the Board of Directors at the OnCenter and through that assignment is involved in the Amphitheater. The Board of Directors (BOD) would set the standards for the contract(s) at the AMP; Cambareri then may have been able to review the contract bid proposals as part of his role at the County Attorney's Office based on criteria he himself may have established as a member of the BOD, and ensure that Westcott Events get awarded the security contract, from which Cambareri benefits from as either the lawyer to or the business partner of Westcott Events.

Based upon the aforementioned, it is Plaintiff's request that the Onondaga County Attorney's office be disqualified to represent the Defendants herein.

*POINT II*

THE COURT SHOULD ALLOW EXPEDITED DISCOVERY RELATIVE
TO THE DISQUALIFICATION OF THE ONONDAGA COUNTY ATTORNEY'S OFFICE.

Pursuant to Fed. R. Civ. P. 26 (d) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26 (f), except in certain specific circumstances, or by order of the court. See Fed. R. Civ. P 26 (d) (2019); See also Stern v. Cosby, 246 F.R.D. 453*; 2007 U.S. Dist. LEXIS 96421* (S.D.N.Y. 2007).

Absent an agreement or one of the limited exceptions, parties seeking expedited discovery must obtain leave of the court. Stern v. Cosby, 2007 U.S. Dist. LEXIS 96421**10 (S.D.N.Y. 2007).

In the Southern District of New York, the court applied the four-part test which includes: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery was greater than the injury that the defendant will suffer if the expedited relief is granted. However, most recently the courts have applied a more flexible standard of "reasonableness" and "good cause." Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 –

327 (S.D.N.Y. 2005). It is the request of the Plaintiff that the Court analyze the Plaintiff's request for expedited discovery under "reasonableness" and "good cause." Standards as the Plaintiff has provided substantial evidence to support his request.

Plaintiff will need discovery from Steve Cambareri, Esq., relative to this business dealings with Creative Concerts, Inc., D/B/A Upstate Shows and Westcott Events, LLC D/B/A Westcott Event Security Company.  Plaintiff will also need early discovery to compel production of Mr. Cambareri's contact with the CI as she is a material witness to the misconduct of Defendant Dickinson; and a reason why Plaintiff has been retaliated against in his employment.

Further and more importantly, the Onondaga County Attorney's office is entitled to a hearing; and we are requesting one should this Court need testimony to make its decision on disqualifying them.  Based upon their potential request, Plaintiff request is reasonable and good cause has been shown to allow such limited discovery.

Based upon the aforementioned, it is Plaintiff's request for early discovery on the disqualification issue should be granted.

*POINT III*

PLAINTIFF REQUESTS THIS COURT TO ORDER EARLY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d) RELATIVE TO DEFENDANTS' TAMPERING WITH MATERIAL WITNESSES IN THIS CASE.

As this Court is well aware, witness tampering occurs when a person "knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to influence, delay, prevent the testimony of any person in an official proceeding…." 18 U.S.C. §1512 (b)(1) (2019); see also Riley v. City of New York, 2015 U.S. Dist. LEXIS 16025* 21 (E.D.N.Y. 2015). Further, the statute does not require physical force or threats to support a finding of tampering. Corrupt influence is

11

sufficient to show a violation. United States v. LaFontaine, 210 F. 3d 125, 133 (2nd Cir. 2000).

In August 2017, Plaintiff received an unsolicited contact from another female confidential informant (hereinafter known as "CI") informing him that she had sexual relations with Defendant Dickinson while she was under the age of 17 years old. Plaintiff knows this confidential informant as Plaintiff gave guidance to her for over a decade in leaving the gang lifestyle and how to pursue a normal, productive life. The CI has previously been utilized by the Onondaga County Sheriff's criminal investigation division detectives, and, upon information and belief, has formally been identified and documented in state and federal court filings as a previously reliable confidential informant. Plaintiff was further informed by the CI that the sexual relationship lasted for several years.

Plaintiff was further informed that the CI resided with Defendant Dickinson for period of time. She had met his son and that the relationship was conducted openly and in public. Plaintiff was further informed that the CI no longer desired to have the sexual relationship with Defendant Dickinson. Plaintiff was again informed that Defendant Dickinson was stalking the CI and showed up at her various residences when she moved from time to time requesting to reestablish their sexual relationship.

Plaintiff has attached proof to his affidavit which are text messages that were in November 2018 where the CI indicated that her attorney is Steve Cambareri and that she has spoken to him on this very lawsuit. It is Plaintiff's claim that Mr. Cambareri's conduct constitutes the criminal offense of tampering with a witness as an agent of the Defendant Onondaga County in persuading the CI to recant what she previously told Plaintiff that Defendant Dickinson was having sexual relations with her when she was under the age of 17 years old. While the age of the CI is of concern, Defendant Dickinson would have abused his position if the CI was 35 years old considering she was compelled to work as a confidential informant or risk going to prison.

The CI was never working off criminal charges and therefore was not in a position to face arrest and prison. However, it is important to note the power and control issue of a police officer over a confidential informant. Even if the sexual relationship was consensual, it is improper as to the control issue the police officer has over an informant, i.e. recent Probation officer having sex with client, or prison guard over inmate; the lack of ability to freely consent due to the power and control issue.

Further there is the critical safety issue of the CI – Dickinson has control over her in that he can 'leak' her name out as a CI – those persons that she may have assisted in criminally being prosecuted could seek to harm her. The Court should be aware that Plaintiff's attorneys do not know the CI's entire criminal past – if her name comes out publicly, even people she didn't snitch on may *wrongly assume* she told on them, even if she did not, and blame her for their criminal arrest and convictions. Some of those people she knew were convicted of attempted homicide and attempted kidnapping of a witness.

Not only do the texts from the CI indicate that Mr. Cambareri is giving her advice, a November 1, 2018 email to Plaintiff states that she has the best lawyer indicating Cambareri.

Based upon the aforementioned, it is Plaintiff's request for early discovery on the tampering with a witness issue should be granted.

CONCLUSION

Based upon the aforementioned, Plaintiff respectfully requests his motion be granted in all respects.

Dated:  January 11, 2019                    Respectfully Submitted,

                                            JARROD W. SMITH, ESQ., P.L.L.C.

                                            *JW Smith*

                                            _____
                                            Jarrod W. Smith, Esq.
                                            Jeffrey R. Parry, Esq.
                                            Attorneys for Plaintiff
                                            11 South Main Street -P.O. Box 173
                                            Jordan, New York 13080
                                            Tel. No.: (315) 277-5370
                                            Email: jarrodwsmithesqpllc@gmail.com

14