UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
================================================================

KEVIN MURPHY,

                              Plaintiff,        Case No.: 18-cv-1218

    -vs-

ONONDAGA COUNTY, THE ONONDAGA COUNTY
SHERIFF'S DEPARTMENT, EUGENE CONWAY both Individually
and in his capacity as Sheriff of Onondaga County, JOSEPH
CICIARELLI both Individually and in his capacity as Chief Police
Deputy, MICHAEL DICKINSON, JAMMIE BLUMER,
JONATHAN ANDERSON, JOSEPH PELUSO, ROY
GRATIEN, JASON CASSALIA, and CARL HUMMEL, all
Individually and in their capacities as employees of Onondaga
County and the Onondaga County Sheriff's Department,"

                              Defendants.

================================================================

# MEMORANDUM OF LAW
# IN REPLY AND OPPOSITION TO DEFENDANTS' RESPONSE
# TO PLAINTIFF'S MOTION FOR DISQUALIFICATION

================================================================

Dated: February 12, 2019

                                        Respectfully Submitted by:

                                        JARROD W. SMITH, ESQ., P.L.L.C.
                                        Bar Roll #512289
                                        JEFFREY R. PARRY, ESQ.
                                        Bar Roll #508023
                                        Attorneys for Plaintiff, Kevin Murphy
                                        11 South Main Street
                                        P.O. Box 173
                                        Jordan, New York 13080
                                        Tel. No.: (315) 277-5370
                                        Email: jarrodwsmithesqpllc@gmail.com

TABLE OF CONTENTS

Page

Table of Authorities..................................................................................................3

Preliminary Statement .............................................................................................4

Statement of Facts................................................................................................... 4

Arguments:

POINT I
DEFENDANTS MISPLACE THEIR RELIANCE ON THE COURT'S LOCAL RULE 7.1(b)(2) AS THE ISSUE BEFORE THE COURT IS NOT A DISCOVERY ISSUE BUT ON DISQUALIFICATION OF THE ONONDAGA COUNTY ATTORNEY'S OFFICE WHICH IF NOT ADDRESSED IMMEDIATELY COULD POTENTIALLY SPELL DISASTER FOR THE CIVIL ACTION NOW PENDING BEFORE THIS COURT..……………..…………………………….……………4

POINT II
PLAINTIFF'S AFFIDAVIT CONTAINS FACTS OF HIS CASE AND THE COURT SHOULD CONSIDERED HIS AFFIDAVIT FOR THAT PURPOSE AND DOES NOT VIOLATE LOCAL RULE 7.1(a)(2)…………………………………..5

POINT III
FEDERAL RULES OF EVIDENCE RULE 802 DOES NOT APPLY AND THE TEXT MESSAGES ARE NOT HEAR-SAY FOR THE PURPOSES OF THE RELIEF REQUESTED IN PLAINTIFF'S MOTION…………..……………………………6

POINT IV
DEFENDANTS HAVE MISPLACED THEIR RELIANCE ON THE COURT'S LOCAL RULE 83.4(j) AS IT IS IRRELEVANT AS TO THE COURT DISQUALIFYING AN ATTORNEY FOR A CONFLICT AS LOCAL RULE 83.4 IS ENTITLED "DISCIPLINE OF ATTORNEYS''……………………………………………………………………7

POINT V
DEFENDANTS HAVE ADMITTED THAT STEFANO (STEVEN) CAMBARERI, ESQ. IS ANASSISTANT COUNTY ATTORNEY SINCE DECEMBER 2015 AND HAS BEEN IN THAT CAPACITY AND DISQUALIFICATION AND EARLY DISCOVERY ARE WARRANTED……………………………………………………………………7

POINT VI
PLAINTIFF'S MOTION IS NOT FRIVOLOUS AS THE DEFENDANTS HAVE ADMITTEDTO CAMBARERI BEING AN ASSISTANT COUNTY ATTORNEY SINCE DECEMBER 2015 AND HAS NOT BEEN REGULARLY AT THE ONONDAGA COUNTY ATTORNEY'S OFFICE BECAUSE HE IS PART-TIME………………….....8

CONCLUSION………………………………………………………………………..9

## **TABLE OF AUTHORITIES**

*Fed. Case Law:*

pg.

1) Glueck v. Jonathan Logan, Inc., 653 F 2d 746, 748 (2nd Cir. 1981)        4,7

2) United States v. Prevezon Holdings Ltd.,  839 F. 3d 227, 241 (2nd Cir. 2016).        5,7

*Federal and State Statues:*

*Pg.*

1)  N.D.N.Y. Local Rule 7.1(a)(2) (2019)        5

2)  F.R.E. Rule 801 (2019)        6

3)  N.D.N.Y. Local Rule 83.4(j) (2019)        7

4)  N.D.N.Y. Local Rule 83.4 (2019)        7

**PRELIMINARY STATEMENT**

This Reply Memorandum of Law is submitted in opposition to Defendants' response to Plaintiff's motion pursuant to Federal Rules of Civil Procedure (hereinafter knowns as "Fed. R. Civ. P.") requesting disqualification of the Onondaga County Attorney's Office and a request for expedited discovery as to the witness tampering and disqualification motion.

Plaintiff's motions should be granted based upon the affidavits and documentary evidence already provided to the Court as well as the current state of the law in the Northern District of New York.

**STATEMENT OF FACTS**

Plaintiff refers this Court to the facts as set out in his Affidavit and initial Memorandum of Law in support of Plaintiff's motion.

Based upon the aforementioned facts, Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

**ARGUMENT**

*POINT I*

DEFENDANTS MISPLACE THEIR RELIANCE ON THE COURT'S LOCAL RULE 7.1(b)(2) AS THE ISSUE BEFORE THE COURT IS NOT A DISCOVERY ISSUE BUT ON DISQUALIFICATION OF THE ONONDAGA COUNTY ATTORNEY'S OFFICE WHICH IF NOT ADDRESSED IMMEDIATELY COULD POTENTIALLY SPELL DISASTER FOR THE CIVIL ACTION NOW PENDING BEFORE THIS COURT.

Plaintiff filed this motion knowing full well that speaking with the Defendants would be futile. Plaintiff's filed this motion to avoid the "significant risk of trial taint." Glueck v. Jonathan Logan, Inc., 653 F 2d 746, 748 (2nd Cir. 1981). Further, it was to place the Court on immediate notice so the Court could take swift action in preserving the integrity of the adversarial process.

4

United States v. Prevezon Holdings Ltd., 839 F. 3d 227, 241 (2nd Cir. 2016). If Plaintiff's were to follow Rule 7.1(b)(2) again it would have been futile to do so in the interest of justice and in the interest of judicial economy of the progression of the Plaintiff's case. What is at issue is not some discovery issue that can be cured over time, disqualification if not attended to immediately can have serious ramifications of the party's litigation rights as the case moves forward.

Here in the instant case, we do not just have one attorney but an entire county attorney's office that the Plaintiff is requesting to be disqualified. The facts that support the disqualifying of the Onondaga County Attorney's office stem from the business relationships of Steve Cambareri, Esq., and him tampering with a witness.

In addition, Defendants' submitted the Affidavit of Steven P. Morgan who admits that Cambareri was an assistant county attorney and on the Defendant County's pay roll since December 2015. (See Steven P. Morgan's Affidavit Doc.#18). These facts alone should disqualify the Onondaga County Attorney's Office coupled with Cambareri tampering with a witness.

Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

## POINT II

### PLAINTIFF'S AFFIDAVIT CONTAINS FACTS OF HIS CASE AND THE COURT SHOULD CONSIDERED HIS AFFIDAVIT FOR THAT PURPOSE AND DOES NOT VIOLATE LOCAL RULE 7.1(a)(2).

Defendants provide no case law to support their position but for the Local Rule 7.1(a)(2). Plaintiff has provided the paragraphs that Defendants have alleged are legal arguments as follows:

Defendants have requested that the Court reject and not consider Paragraphs 13 through 20 of Plaintiff Murphy's Affidavit as being legal arguments. Plaintiff's Affidavit is an Affidavit of the facts. Plaintiff, Kevin Murphy, is an Onondaga County Sheriff holding the rank of Police Sergeant. Plaintiff Murphy has been a sheriff for twenty (20) plus years. Plaintiff Murphy stands by his

Affidavit as an Affidavit of the Facts; not law.

Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

*POINT III*

FEDERAL RULES OF EVIDENCE RULE 802 DOES NOT APPLY AT THIS TIME FOR THE PURPOSES OF THIS COURT DETERMINING WHETHER TO HAVE A HEARING ON THE ISSUE OF DISQUALIFICATION.

Federal Rules of Evidence Rule 801 is clear that "Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." F.R.E Rule 801(c)(1) and (2). There is no denying Rule 801 is the hearsay rule. However, unlike the instant motion before this Court, you have to be in a trial and/or a hearing to have this rule of evidence apply.

Plaintiff properly submitted an Affidavit with someone having personal knowledge of the events so stated in his Affidavit, namely himself.

Plaintiff has attached proof to his affidavit which are text messages that were in November 2018 where the CI indicated that her attorney is Steve Cambareri and that she has spoken to him on this very lawsuit. Not only do the texts from the CI indicate that Mr. Cambareri is giving her advice, a November 1, 2018 email to Plaintiff states that she has the best lawyer indicating Cambareri.

F.R.E. Rule 801 does not apply. Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering where Defendant's counsel can make the appropriate hearsay objection at that time; at a hearing.

*POINT IV*

DEFENDANTS HAVE MISPLACED THEIR RELIANCE ON THE COURT'S LOCAL RULE 83.4(j) AS IT IS IRRELEVANT AS TO THE COURT DISQUALIFYING AN ATTORNEY FOR A CONFLICT AS LOCAL RULE 83.4 IS ENTITLED "DISCIPLINE OF ATTORNEYS''

If Cambareri is not an Assistant County Attorney, then why is Defendant's counsel defending Cambareri by requesting the Court to review the New York Rules of Professional Conduct? Plaintiff's counsel has reviewed Local Rule 83.4 in its entirety. It has nothing to do with disqualifying an attorney or disqualifying the Onondaga County Attorney's Office from representing the Defendants.

The Court should take notice that Local Rule 83.4 is entitled "Discipline of Attorneys." Plaintiff has requested no such relief, but the disqualifying of the Onondaga County Attorney's Office for the conduct of Stefano Cambareri, an assistant county attorney for Onondaga County; and per the Plaintiff's Affidavit and proof attached to that Affidavit tampered with a witness.

As for any disciplinary action against Cambareri, if any, Plaintiff leaves that up to the sound discretion of the Court. Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

*POINT V*

DEFENDANTS HAVE ADMITTED THAT STEFANO (STEVEN) CAMBARERI, ESQ. IS AN ASSISTANT COUNTY ATTORNEY SINCE DECEMBER 2015 AND HAS BEEN IN THAT CAPACITY AND DISQUALIFICATION AND EARLY DISCOVERY ARE WARRANTED.

Again, it has been determined by the courts in the federal system that disqualification is only appropriate were permitting the representation to continue would pose a "significant risk of trial taint." Glueck v. Jonathan Logan, Inc., 653 F 2d 746, 748 (2nd Cir. 1981). The federal courts have the sound discretion to disqualify attorneys for ethical violations which drives "from their inherent power to preserve the integrity of the adversarial process." United States v. Prevezon Holdings Ltd.,

839 F. 3d 227, 241 (2nd Cir. 2016).  Plaintiff is requesting from this Court based upon his initial motion papers that this Court use its power to protect the integrity of this adversarial proceeding.

Here in the instant case, Plaintiff requests this Court to review the Affidavit of Steven P. Morgan's Affidavit Doc.#18.  Defendant County has admitted to Cambareri being an Assistant County Attorney.  This undisputed fact coupled with Cambareri tampering with a witness demands disqualification.

Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

*POINT VI*

PLAINTIFF'S MOTION IS NOT FRIVOLOUS AS THE DEFENDANTS HAVE ADMITTED TO CAMBARERI BEING AN ASSISTANT COUNTY ATTORNEY SINCE DECEMBER 2015 AND HAS NOT BEEN REGULARLY AT THE ONONDAGA COUNTY ATTORNEY'S OFFICE BECAUSE HE IS PART-TIME.

Again, Plaintiff requests this Court to review the Affidavit of Steven P. Morgan's Affidavit Doc.#18.  Defendant County has admitted to Cambareri being an Assistant County Attorney.  This undisputed fact coupled with Cambareri tampering with a witness demands disqualification.

Further, the Affidavits of Robert Durr, Esq., County Attorney and John E. Heisler, Jr., Esq. the author the Defendants' response papers are contradictory and self-serving at best.  See Durr Affidavit Doc.#19 and Heisler Affidavit Doc.#20.  The Affidavits alone make them witnesses to the instant application and demand disqualification as Plaintiff will call them as a witness in this application should a hearing be granted.  In Defendants' response papers at Point IX, Page 10, Defendants list contradictory portions of Durr's and Heisler's Affidavits.  Here are the following excerpts from the Defendants' papers that are contradictory:

"Cambareri does not practice law and has never practiced law in County's law department (See Durr's Affidavit ¶7; Heisler's Affidavit ¶5)" This statement is contradicted by Steven P.

8

Morgan's Affidavit where Cambareri was hired as an assistant county attorney.  The bottom line is that Cambareri works for the Defendant County and he tampered with a witness on behalf of the Defendant County.  The Onondaga County Attorney's office is the Defendant County.

"Cambareri is not regularly present and has never been regularly present in County's law department.  (see Durr's Affidavit ¶10; Heisler's Affidavit ¶5)."  What does "regularly" mean?  Of course, Cambareri is not a regular in the assistant county attorney's office because he is a part-time employee and does not need office space.

The questions this Court needs to answer is 1) Is Cambareri an employee of the Defendant County; and 2) Did he tamper with a witness in his capacity as an assistant county attorney?  If the Court finds both to be true then the Onondaga County Attorney's office must be disqualified to preserve the integrity of the adversarial process.  As for Stefano Cambareri's Affidavit, it is irrelevant.

Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

## CONCLUSION

Based upon the aforementioned, Plaintiff's motion should be granted in its entirety or the Court should grant discovery; and schedule a hearing on the issue of disqualification and witness tampering.

Dated:  February 12, 2019                    Respectfully Submitted,

                                             JARROD W. SMITH, ESQ., P.L.L.C.

                                             *JW Smith*
                                             _____
                                             Jarrod W. Smith, Esq.
                                             11 South Main Street -P.O. Box 173
                                             Jordan, New York 13080
                                             Tel. No.: (315) 277-5370
                                             Email: jarrodwsmithesqpllc@gmail.com

9