# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

Kevin Murphy

v.

NO. _____5_____ : _____18-_____ CV - 01218-GLS-CFH

# Onondaga County et al.
--------------------------------------------------------

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Christian F. Hummel _____, United States Magistrate Judge on Tuesday _____, 26 February 2019 at 10:00 : A M. ~~at the United States Courthouse, Room No~~ _____, at by telephone. _____, ~~New York~~.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 1st _____ day of May _____, 2019 _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 1st _____ day of May _____, 2019 _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 1st _____ day of February _____, 2020 _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 1st _____ day of February _____, 2020 _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _11th_ day of _April_ , _2020_ . It is anticipated that the trial will take approximately _10_ days to complete. The parties request that the trial be held in _Syracuse_ , N.Y.

**(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**  ☑ (YES)  ☐ (NO)

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The court has subject matter jurisdiction. All parties, whether or not served, have appeared without asserting the lack of personal jurisdiction.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

The factual and legal basis for the parties' claims and defenses are as pled by the parties.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

All factual and legal issues pled by the parties are genuinely in dispute.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

No issues can be narrowed by agreement. There are not dispositive or partially dispositive issues appropriate for decision on motion.

**11)  WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff seeks a money judgment for damages and costs, including an attorney's fee, and disbursements.  Defendants seek a judgment dismissing the complaint and costs, including an attorney's fee.

**12)  DISCOVERY PLAN:**

**A.**    **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven  (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**B.**    **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

All occurrences, acts, or omissions alleged in the pleadings.

**C.    Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties general understanding is that written discovery will be followed by depositions.

**D.    Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The parties contemplate the likelihood of their serving Rule 33 and Rule 34 demands for discovery regarding all matter relevant to the claims and defenses pleaded by the parties.  The parties contemplate the possibility of their serving Rule 36 demands.

**E.    Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be  taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

The parties expectations are that all parties will depose, and that a few non-party fact witnesses will depose, so there will be 11 to 15 depositions to be taken in Onondaga County.

**F.    Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e.,initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days,  and rebuttal reports due at least thirty days, before the close of discovery).**

The parties do not expect that experts will be retained.  If experts become necessary, the parties will make a separate application to the court.

### G.   Electronic Discovery

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information.  This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested.  The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue.  If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

The parties understand and expect that there will discovery of electronically stored information relevant to the parties' claims and defenses, that the parties will retain such electronically stored information as the parties have, and the parties will produce such electronically stored information in a manner agreeable to the parties.  Such eletronically stored information that is subject to a claim of privilege or work product will be so identified by sufficient particulars as to enable the court to determine the propriety of the privilege or work product claim.

### H.   Protective Orders

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

The parties do not anticipate requesting any Rule 26 (c) protective orders.

### I.   Anticipated Issues Requiring Court Intervention

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

The parties do not reasonably anticipate any discovery issues that may require court intervention.

**13)  IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It is not possible to reduce the length of trial by stipulations, summaries, statements, or expedited means of presenting evidence.  It is not feasible and desireable to bifurcate issues for trial.

**14)  ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

Plaintiff might be an expert witness in the case, Glover v Onondaga County Sheriff's Department, having civil action number 5:18-cv-00837-GLS-ATB, that is pending before this court.

**15)  IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

This is not a class action.

**16)  WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

      (**1**)   2   3   4   5   6   7   8   9   10
   (VERY UNLIKELY)→ → → → → → → → → → (LIKELY)

**CANNOT BE EVALUATED PRIOR TO** _____ **(DATE)**

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The parties think the prospects for settlement are very unlikely and do not think that settlement efforts can be assisted.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

A.  Reviewed General Order #47 ? ☑ YES ☐ NO

B.  Reviewed the List of Court Approved Mediators available on the NDNY website? ☑ YES ☐ NO

C.  Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. ☑ YES ☐ NO

D.  Discussed the time frame needed to complete Mandatory Mediation? ☐ YES ☑ NO

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on <u>1 February 2019</u> at

<u>by telephone</u> with the participation of: ~~(Date)~~

~~(Place)~~

<u>Jeffrey R. Parry</u> for plaintiff(s)

<u>John E. Heisler Jr.</u> for

defendant(s)————————————————

~~(party name)~~

~~————————————— for~~

~~defendant(s)~~————————————————

~~(party name)~~

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.***

w:\genorder\go25.wpd
Case Management Plan
November 4, 2013