**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

────────────────────────────────

KEVIN MURPHY,

                Plaintiff,

     v.

                                     No. 5:18-CV-1218

ONONDAGA COUNTY, et al.,                  (GLS/CFH)

                Defendants.

-----------------------------------------------------------------

KELLY GLOVER,

                Plaintiff,              No. 5:18-CV-837
                                      (GLS/ATB)

     v.

ONONDAGA COUNTY SHERIFF'S
DEPARTMENT, et al.,

                Defendants.

────────────────────────────────

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Office of Jeffrey R. Parry | JEFFREY R. PARRY, ESQ. |
| 7030 East Genesee Street | |
| Fayetteville, New York 13066 | |
| Attorney for the Plaintiffs | |
| Kevin Murphy[1] | |
| | |
| Onondaga County Department of Law | JOHN E. HEISLER, JR., ESQ. |
| John H. Mulroy Civic Center | |
| 421 Montgomery Street, 10th Floor | |
| Syracuse, New York 13202 | |
| Attorney for Onondaga | |

───────────────────────────

[1]  Jeffrey R. Perry is also the attorney of record for Kelly Glover, the plaintiff in <u>Glover v. Onondaga County Sheriff's Department, et al.</u>, No. 5:18-CV-837 (GLS/ATB), currently pending before United States Magistrate Judge Andrew T. Baxter.

County Defendants

Hancock Estabrook, LLP                    JOHN L. MURAD, JR., ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorney for Defendants
Bryan K. Edwards and
Wescott Events, LLC

## MEMORANDUM-DECISION AND ORDER

Pending before the Court is plaintiff Kevin Murphy's motion[2] to consolidate the above-captioned action, <u>Murphy v. Onondaga County, et al.</u>, 5:18-CV-1218 (GLS/CFH) ("the <u>Murphy</u> action") with <u>Glover v. County of Onondaga, et al.</u>, 5:18-CV-837 (GLS/ATB) ("the <u>Glover</u> action") pursuant to Federal Rule of Civil Procedure 42 ("Fed. R. Civ. P.") for discovery purposes only.  <u>See</u> Dkt. No. 46 (<u>Murphy</u> Action).  Defendants in both actions oppose plaintiff's motion.  <u>See</u> Dkt. No. 51 (<u>Murphy</u> action)[3]; Dkt. No. 31 (<u>Glover</u> action).

Murphy and Glover (collectively, "plaintiffs") argue that consolidating the two cases for discovery will "economize discovery" because discovery in both actions will "involve the depositions of the same people and the disclosure of the same items of evidentiary material."  Dkt. No. 36 at 5.  Further, plaintiffs aver, the

---

[2] Plaintiff Kelly Glover has filed an identical motion to consolidate these actions for purposes of discovery.  <u>See</u> Dkt. No. 29 (Glover Action).

[3] The <u>Murphy</u> defendants oppose the motion to consolidate on the basis that plaintiff Murphy did not comply with N.D.N.Y.L.R. 7.1(b)(2) by failing to engage in any "effort to confer with defendants to resolve the consolidation issue" and for failing to make the "motion . . . upon an affidavit."  Dkt. No. 51-6 at 3 (<u>Murphy</u> Action).  Although defendants appear correct, "the Court has discretion to excuse failure to comply with the local rules."  <u>Banks v. Annucci</u>, No. 9:14-CV-340 (LEK/DEP), 2017 WL 4357464, at *3 (N.D.N.Y. Sept. 29, 2017); <u>see</u> <u>Hardnett-Majette v. Nat'l R.R. Passenger Corp.</u>, No. 1:16-CV-389 (LEK/CFH), 2017 WL 2838159, at *2 (N.D.N.Y. June 30, 2017) ("[T]he Court has discretion to excuse a failure to comply with the local rules.").

2

sources of evidence regarding constructive notice, including "witnesses, records, policies, etc., are virtually identical" in both actions and will be relevant for establishing their claims of "deliberate and or reckless indifference, gross negligence[,] and participation in customs and policies which led to the" alleged injuries. Id. at 6, 7.

Defendants in the Murphy action oppose consolidation largely on the basis that the two actions "have almost no common questions of law or fact." Dkt. No. 51-6 at 4. Similarly, defendants in the Glover action oppose consolidation on the ground that the actions lack "commonality of factual and legal issues . . . ." Dkt. No. 31 at 7. The Glover action defendants argue that, contrary to plaintiffs' contention, the two actions "arise out of separate incidents and involve entirely different witnesses," and "do not involve the same parties[ or] have the same documents or proof." Id. at 9 (internal quotation marks omitted). Moreover, the Glover defendants contend that consolidation will prejudice them by unduly delaying discovery in that case for nearly a year and open the door for plaintiff to "attempt to improperly bolster [] Glover's position with wholly irrelevant testimony from the Murphy action." Id. at 11. The Court agrees with defendants.

Rule 42(a) of the Federal Rules of Civil Procedures provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Courts have broad discretion when determining

3

whether consolidation is appropriate.  <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990), <u>cert. denied</u>, 498 U.S. 920 (1990); <u>Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co.</u>, 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002).  "In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues."  <u>Velazquez v. Suffolk Cty.</u>, No. 18-CV-5115(JS/ARL), 2019 WL 2124859 at *4 (E.D.N.Y. May 15, 2019) (citing <u>Johnson</u>, 889 F.2d at 1285).

Here, although both actions assert, in the abstract, general claims concerning the policies and practices of the Onondaga County Sheriff's Department, the similarities between the actions are limited and are insufficient to satisfy the requirement of Fed. R. Civ. P. 42(a) that actions involve a common question of law or fact.  As an initial matter, of the 17 defendants named between the two actions, only two defendants—the County of Onondaga and the County of Onondaga Sheriff's Department—are named in both actions; therefore, any overlap of fact or law between the two actions is limited to those defendants. <u>See</u> Dkt. No. 13 (<u>Glover</u> Action); Dkt. No. 56 (<u>Murphy</u> Action).  Further, Glover's claims involve her allegedly unlawful arrest and detention, while Murphy's claims arise from the pattern of allegedly retaliatory conduct taken against him for engaging in whistle-blowing activities—and the Murphy action contains no allegations concerning Glover's specific incident.  <u>See</u> Dkt. No. 13 (<u>Glover</u> Action); Dkt. No. 56 (<u>Murphy</u> Action).  Indeed, the two actions assert entirely separate claims that involve different theories of liability and require establishing

4

entirely distinct elements.  The <u>Murphy</u> action alleges causes of action sounding in RICO violations; First Amendment retaliation; conspiracy to retaliate; Article 1, § 8 retaliation; Fourteenth Amendment due process violations; defamation per se and conspiracy to defame per se; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED").  <u>See</u> Dkt. No. 56 (Murphy Action) at 49, 53, 54, 58, 63, 66, 70, 72, 75, 79, 81.  In contrast, the <u>Glover</u> action asserts claims for violations of numerous federal and constitutional provisions, based on false arrest; unlawful entry; false imprisonment; unreasonable search/seizure; abuse of authority; conspiracy; violation of right to privacy; denial of equal protection; denial of due process, and fraud.  Dkt. No. 13 (Glover Action) at 15, 17, 18, 20, 21, 22, 23.  Thus, "[t]he legal and factual distinctions between the two actions are significant and the superficial similarities between them can easily lead to confusion of the issues."  <u>Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation</u>, No. 06CV1260(KAM), 2009 WL 3644159, at *4 (E.D.N.Y. Oct. 27, 2009); <u>see</u> <u>Smith v. Everson</u>, No. CV-06-0791 (SJF/AKT), 2007 WL 2294320, at *3 (E.D.N.Y. Aug. 6, 2007) (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency).

Furthermore, judicial economy would not be furthered by consolidating these actions for purposes of discovery, as it appears that the only witness that would be deposed and called to testify in both actions is Murphy, as Glover plans on calling him as an expert witness in her action to testify that the Glover

5

defendants lacked probable cause to arrest her. <u>See</u> Dkt. No. 31-2 (<u>Glover</u> Action). Indeed, as defendants state, the majority of the named defendants in the <u>Murphy</u> action are in no way connected to the single, isolated event that gave rise to the <u>Glover</u> action. <u>See</u> Dkt. No. 31 at 9. Moreover, the documentary evidence involved in the Glover action is limited to the specific incident involving Glover's arrest, which is irrelevant in the Murphy action because, as stated above, the <u>Murphy</u> action does not in any way reference or rely on the <u>Glover</u> incident. <u>See</u> <u>id.</u> In addition, given of the nature of the claims asserted therein, discovery in the <u>Murphy</u> action will be much more extensive than that involved in the <u>Glover</u> action and will likely result in the delay of the <u>Glover</u> action—for the purpose of deposing numerous witnesses that have no connection whatsoever to that action. <u>See</u> <u>id.</u> Based on the foregoing, consolidation for purposes of discovery is not appropriate in this case.

**WHEREFORE**, for the reasons stated above, it is hereby:

**ORDERED**, that the motion to consolidate, docketed in <u>Murphy v. Onondaga County, et al.</u>, 5:18-CV-1218 (GLS/CFH) at Dkt. No. 46, and docketed in <u>Glover v. County of Onondaga, et al.</u>, 5:18-CV-837 (GLS/ATB) at Dkt. No. 29, is **DENIED.**

The Clerk of the Court is directed to docket this Memorandum-Decision and Order in both actions.

**IT IS SO ORDERED.**

Dated: March 17, 2020
     Albany, New York

Christian F. Hummel
U.S. Magistrate Judge