UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN MURPHY,

          Plaintiff,

       -v-                    5:18-CV-1218

ONONDAGA COUNTY,
THE ONONDAGA COUNTY
SHERIFF'S DEPARTMENT,
CARL HUMMEL, WILLIAM
FITZPATRICK, MELANIE S.
CARDEN, and LINDSEY M.
LUCZKA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON ATTORNEY'S FEES & COSTS

On October 11, 2018, plaintiff Kevin Murphy, a retired sergeant with the Onondaga County Sheriff's Department, filed this 42 U.S.C. § 1983 action alleging that individuals in the Sheriff's Department and in other County leadership positions violated his civil rights. Dkt. Nos. 1, 50, 53, 56, 60. The case was initially assigned to Senior U.S. District Judge Gary L. Sharpe.

On March 18, 2022, Judge Sharpe dismissed the vast majority of plaintiff's claims. Dkt. No. 174. As relevant here, plaintiff's § 1983 retaliation claims

remained pending against the County and some of its employees (the "County defendants") as well as the Sheriff's Department and some its employees (the "Sheriff's defendants"). *Id.* Thereafter, the Sheriffs' defendants moved for summary judgment on the remaining claims against them, Dkt. No. 202, and the case was reassigned to this Court for a decision, Dkt. No. 212.

On February 28, 2024, the Sheriff's defendants' motion was granted, Dkt. No. 213, and plaintiff was ordered to show cause why the § 1983 retaliation claims should not be dismissed against the County defendants, too, Dkt. No. 214. Plaintiff sought, Dkt. Nos. 215, 217, and received, Dkt. No. 218, more time to respond to the Show-Cause Order.

On April 2, 2024, this Court *sua sponte* dismissed the remaining § 1983 claims against the County defendants, Dkt. No. 221, and declined to exercise supplemental jurisdiction over plaintiff's state-law claims, *id.* Judgment was entered accordingly. Dkt. No. 222. Plaintiff appealed. Dkt. No. 223.

On May 3, 2024, with the appeal pending, the Sheriff's defendants moved for attorney's fees and to tax costs. Dkt. Nos. 232, 234. Plaintiff opposed and cross-moved for a stay pending appeal. Dkt. No. 239. The Court held these motions in abeyance pending disposition of the appeal. Thereafter, plaintiff

failed to timely perfect his appeal. Accordingly, the Second Circuit issued a Mandate dismissing plaintiff's appeal on September 24, 2024.[1] Dkt. No. 240.

Upon review, the Sheriff's defendants' motion for attorney's fees will be denied. In a 42 U.S.C. § 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." § 1988(b). However, where, as here, the prevailing party is the defendant, fees may only be recovered if the underlying action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (cleaned up).

Plaintiff's counsel often runs afoul of important deadlines and frequently submits prolix briefing stuffed with hyperbole. This approach to civil rights litigation has not been particularly effective in this District. But advancing a series of losing arguments in several rounds of motion practice does not make

---

[1] A review of the Second Circuit's docket suggests that plaintiff may still have an appeal of this matter pending. Notwithstanding any pending appeal, the Court retains ancillary jurisdiction to decide the matter of fees and costs. *See, e.g.*, *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

an underlying action "frivolous, unreasonable or groundless." Accordingly, the Sheriff's defendants' motion for attorney's fees will be denied.[2]

However, the Sheriff's defendants' motion to tax costs against plaintiff will be granted. "Unless a federal statute, [the federal rules of civil procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). "[T]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 227 (E.D.N.Y. 2012) (citation omitted). "[B]ecause Rule 54(d) allows costs 'as of course,'" the rule favors the award of costs to the prevailing party. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). The categories of costs that can be taxed are in 28 U.S.C. § 1920. The costs being sought by the Sheriff's defendants—for transcripts, printing, and docketing—are properly taxable. § 1920(2), (3), (5). Accordingly, the Sheriff's defendants' motion to tax costs will be granted.

Therefore, it is

ORDERED that

---

[2] Two other things to note. First, while plaintiff's counsel should have heeded the Court' show-cause warning; *i.e.*, when the Court pointed out that the § 1983 retaliation claims against the County defendants were almost certainly subject to dismissal, that is not enough to show that "plaintiff continued to litigate" after the action "clearly became" groundless *as to the Sheriff's defendants*, who had already been dismissed at that point. Second, even assuming the Court were otherwise inclined to award fees to the Sheriff's defendants under these circumstances, their briefing—which seeks $129,264.00 in fees for 757.8 hours of attorney time—is not supported by the kind of detailed time records that would be needed to substantiate this request. *See* Dkt. No. 232.

- 5 -

1. The Sheriff's defendants' motion for attorney's fees (Dkt. No. 232) is DENIED;

2. The Sheriff's defendants' motion to tax costs (Dkt. No. 234) is GRANTED; and

3. Plaintiff's cross-motion for a stay pending appeal (Dkt. No. 239) is DENIED as moot.

The Clerk of the Court is directed to terminate the pending motions.

IT IS SO ORDERED.

Dated: November 15, 2024
Utica, New York.

David N. Hurd
U.S. District Judge